On Application por Rehearing.
The application proceeds upon the theory that our opinion is, as charged, “ in direct conflict with previous adjudications of this court on the doctrine of res adjudieata and estoppel as applied to married women” — relying upon the following decisions, viz.:
Barron vs. Sollibellos, 26 An. 289; Thornhill vs. Bank, 34 An. 1176; Sentell vs. Stark, 37 An. 684; Calhoun vs. Lane, 39 An. 595.
All of those cases are particularly referred to in our opinion and commented upon, and we stated our conclusion to be that the expression employed in the Soliibellos case in which a married woman had made a transaction and compromise of a lawsuit that she would “ not be listened to when saying that the debt sued on was her husband’s ” was “ not in keeping with the jurisprudence of this court and should be so modified as to conform thereto.”
Though it is admitted in our opinion that the dictum of the court in that case had been “ since repeated with apparent approval.”
Recapitulating the substance of those decisions as they are related in the Calhoun case, it has pleased counsel to make this statement, viz.:
“Counsel for the plaintiff contended in this court, that on the question of the effect of judgments, as against married women, the jurisprudence left the matter in great doubt; and we submit that the decision in this case leaves the question in greater confusion than the prior adjudications of this court.”
Let us see how the matter stands.
Counsel’s position is, that our “opinion is in direct conflict with previous adjudications” — citing the cases — and in the next sentence he informs us that “the jurisprudence has left the matter in great doubt;” that is to say, the legal effect of judgments against married women are left in great doubt.
The plain significance of his proposition is, that the duty is imposed upon this court to relieve the question of the doubt in which it was involved.
*1276 Certainly the court is not a proper subject of criticism for having attempted to discharge this duty to the best of their ability.
Judging of his complaint by the quotations he has collated from the cases cited, the inference would naturally be, that he was willing to affirm the correctness of the proposition announced in the Sollibellos ease, that a married woman who had made a transaction and compromise “would not be listened to when saying that the debt sued on was that of her husband;” but, on the contrary, we find from his brief that his theory is, that “those cases go to the extent of holding (and this is the plain purpose of those decisions) that, as to matters of fact, married women are concluded by judgments, and the right to assail them is limited to cases where marital coercion and influence are charged, and satisfactorily proved.”
Now, if we mistake not, that is just exactly what our opinion holds. That was its definite purpose, and the object had in view_ As we understand the Sollibellos case, it is distinctly announced that a married woman who had made a transaction and compromise of a lawsuit “ would not be listened to when saying that the debt sued on was her husband’s,” and the plain meaning of that statement is that she would not be permitted to introduce proof of that fact.
While, just to the contrary, counsel’s proposition .is that married women are concluded by judgments, and “ the right to assail them is limited to cases when marital coercion and influence are charged and satisfactorily proved.”
It seems to us that the court is precisely in accord with counsel’s views; and, perfectly agreeing with him in the statement that the jurisprudence had left the matter in great doubt, we sought to relieve it thereof, and approved of the introduction of the proof of marital influence and coercion.
Having approved of the introduction of such evidence, and considered and found it sufficient to sustain the charge, our opinion declared, in the language-of counsel, that it had been “ satisfactorily proved.”
It is, therefore, clear that the difference between counsel and the eourtis not as to a question of law, but a question of fact. Was there satisfactory evidence of marital influence and coercion on the part of the husband? We thought so.
In our opinion we stated that there was no real distinction between a compromise and a confession of judgment, and that one was quite *1277 as much subject to attack as the other. To this view we still adhere, and in this view we understand counsel to concur.
Indeed, conceding that confessions of judgment are open to investigation by married women, on the charge of marital influence and coercion, for a stronger reason should a transaction and compromise be likewise open to investigation, be ause it is only by a fiction of law that the latter have attributed to them “ the authority of things adjudged.’-’
But the point upon which our opinion lays the greatest stress is that there was, in point of fact, no compromise of Mrs. Luckett’s rights. That she did not receive a single dollar of consideration for the supposed relinquishment of her paraphernal rights and claims. That, through the effect of the marital influence of her husband, she signed a renunciation, and that it was absolutely null and void, because it was not made according to the provisions of the Code. That she made a transaction and compromise of the suit against her subsequently, which was superinduced by the persuasion of her husband and his representations to the effect that he was threatened with a criminal prosecution by the mortgage company.
Our examination of the record and the law, since this application was filed, has only served to strengthen and confirm us in the conclusions at which we had at first arrived.